## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

RONNIE BARTON, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

v.

ALLMERICA FINANCIAL BENEFIT
INSURANCE COMPANY, a Foreign
Corporation,

        Defendant.

Case No.:  12-CV-460-JED-PJC

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED

### AMENDED COMPLAINT

COMES NOW the Plaintiff, Ronnie Barton, individually and on behalf of all others similarly situated, and for her cause of action against the Defendant Allmerica Financial Benefit Insurance Company ("Allmerica"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the State of Oklahoma residing in this judicial district.

2. At all times relevant hereto, Defendant Allmerica was and is a foreign insurer licensed to transact and conduct business in the State of Oklahoma.  Specifically, Allmerica is a Michigan corporation with its principal place of business in Massachusetts.

3. This Court has original jurisdiction of the claims asserted herein pursuant to the Class Action Fairness Act and U.S.C. § 1332(d)(2)(A) in that the amount in controversy and the claims at issue exceed the sum of $5,000,000, exclusive of interest, costs and attorney fees and is a putative class action in which members of the class of plaintiffs are citizens of States different from Defendants' state of

citizenship.  This Court also has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

5.  Paragraphs 1-4 are incorporated herein by reference.

6.  Defendant Allmerica offered and sold a form of uninsured/underinsured motorist ("UIM") coverage that provides payment to covered persons for bodily injury resulting from a covered automobile accident in the State of Oklahoma.

7.  Upon information and belief that will be confirmed through discovery, Defendant Allmerica has a pattern and practice of automatically denying UIM coverage if the third party tortfeasor has liability insurance limits equal to or greater than the limits of the UIM policy at issue, regardless of the nature and extent of the insured's injuries.  This is clearly and expressly contrary to Oklahoma law.  *See, e.g., Burch v. Allstate Ins. Co.*, 1998 OK 129, 977 P.2d 1057, 1058 ("[U]ninsured motorist ("UM") coverage is primary, meaning that an uninsured motorist carrier is liable for the entire amount of its insured's loss from the first dollar up to the UM policy limits *without regard to the presence of any other insurance*.") (emphasis added); *see also Brambl v. GEICO*, 2011 U.S. Dist. LEXIS 127941, * 8 (N.D. Okla. Nov. 4, 2011) ("[A] UM carrier may not withhold payment of UM benefits, waiting until the tortfeasor's liability limits are exhausted) (citing *Burch*, 977 P.2d at 1063).

8.  By affording all putative class members a policy of UIM coverage, Defendant

contractually agreed to assume the responsibility of independently evaluating a claim made against such coverage without regard to the presence of any other insurance.

9.  Defendant breached this contractual duty, and acted in bad faith, by automatically denying claims made against UIM policies in Oklahoma where third party tortfeasor insurance limits were equal to or greater than the UIM policy limits, without any investigation or evaluation of the nature and extent of the claim.

10. Defendant's practice of disallowing claims where third party policy limits meet or exceed UIM limits systematically eliminates payments for UIM claims without any investigation or evaluation.

11. Defendant's practice of disallowing UIM claims where third party policy limits meet or exceed UIM policy limits is presumptively unreasonable.

12. Defendant's actions in utilizing this practice to unilaterally deny UIM benfits constitutes a breach of its obligations as a first party insurance provider.

13. Defendant's actions in utilizing this practice to unilaterally deny UIM claims amounts to a *per se* breach of Defendant's implied duty of good faith and fair dealing, including their obligation to conduct a full and fair evaluation of each claim and to not unreasonably deny or withhold benefits.

## CLASS REPRESENTATIVES

14. Paragraphs 1-13 are incorporated herein by reference.

15. On or about April 9, 2012, Plaintiff was involved in a motor vehicle accident as a result of the negligence of an underinsured motorist.

16. On the same date, Plaintiff was insured under a contract with Defendant Allmerica where the Defendant was to provide UIM coverage for the Plaintiff in accordance with said policy.

17. Plaintiff notified Defendant Allmerica she was making a claim under said UIM policy for injuries sustained in the April 9, 2012 motor vehicle accident.

18. On or about April 27, 2012, Defendant Allmerica contacted Plaintiff's counsel and informed him that no UIM benefits were available to Plaintiff under said policy for the sole reason that the limits of the third party tortfeasor were greater than the limits of Plaintiff's UIM policy with Allmerica. *See* Letter from Christopher Zagors to Plaintiff's counsel dated April 27, 2012 (Ex. 1).

19. Allmerica has a pattern and practice of automatically denying UIM coverage when the third party tortfeasor has liability insurance limits equal to or greater than the limits of the UIM policy at issue, regardless of the nature and extent of the insured's injuries.

20. Plaintiff relied on Defendant Allmerica to properly handle her claim(s) and make payment on the applicable claim(s) pursuant to the aforementioned insurance policy. Plaintiff has met all of the conditions precedent for payment of claims under said insurance policy.

21. Defendant has unreasonably failed and refused to pay the benefits under the insurance policy.

## CLASS ACTION ALLEGATIONS

22. Paragraphs 1-21 are incorporated herein by reference.

23. Plaintiff brings this lawsuit on behalf of two classes of people:

The first class of people includes:

All people in the State of Oklahoma who were/are beneficiaries of a UIM insurance contract issued by Defendant Allmerica who were (1) injured in a covered automobile accident; (2) made a claim against their UIM coverage with Defendant Allmerica from July 7, 2008 through the present; and (3) had such claims denied at any point due in part to the fact that the third party tortfeasor had liability insurance policy limits equal to or greater than the applicable Allmerica UIM policy limits.

The second class of people includes:

All people in the State of Oklahoma who were/are beneficiaries of a UIM insurance contract issued by Defendant Allmerica who were (1) injured in a covered automobile accident; (2) made a claim against their UIM coverage with Defendant Allmerica from July 7, 2010 through the present; and (3) had such claims denied at any point due in part to the fact that the third party tortfeasor had liability insurance policy limits equal to or greater than the applicable Allmerica UIM policy limits.

24. The first class represents individuals with timely breach of contract claims; the second class represents individuals with timely claims for breach of contract and breach of Defendant's duty of good faith and fair dealing (*i.e.*, "bad faith").

25. Defendant's practice of refusing to investigate, evaluate or pay UIM claims under the applicable UIM policies constitutes a systematic, mechanical practice carried out by the Defendant in the same manner against all of the class members.

26. It is believed by Plaintiff that during the class periods Defendant's failure to open,

investigate, evaluate or pay legitimate UIM claims as a result of its unreasonable practice has affected thousands of insureds across Oklahoma.

27.  Common questions of law and fact exist as to all class members and predominate over individual questions affecting solely individual members of the class.

28. The claims asserted by the Plaintiff are typical of the claims of the class members because Defendant has tortuously breached the contract(s) which Plaintiff and the class were first party beneficiaries or class II insureds.

29. The Plaintiff will fairly and adequately represent the interests of the members of the class by prosecuting this action.

30. The Plaintiff is unaware of any potential conflict of interest that prevents her from serving as the class representative.

31. If a class is not certified, the prosecution of thousands of different actions by individuals would create a substantial risk of inconsistent judgments. Further, the prosecution of thousands of separate actions is uneconomical for the class and the Courts.

32. For the reasons set forth above, the class action device is superior to other available methods for prosecuting this case.

**CLAIMS FOR RELIEF**

33. Paragraphs 1-32 are incorporated herein by reference.

34. In its handling of Plaintiff's claim and the claims of all class members for benefits under the applicable policies of insurance, and as a matter of routine practice in handling similar claims, Defendants breached both its contractual duty and duty to

deal fairly and in good faith towards Plaintiff and all class members in the following respects:

a.  Requiring Plaintiff and all class members to pursue a claim against another party before he could be entitled to benefits under the policy with Defendant;

b.  Unreasonably refusing to waive subrogation or make a proper substitution in relation to the third-party liability limits tendered to Plaintiff and all class members;

c.  Failing to have knowledge or formal training regarding the terms of its underinsured motorist policy with Plaintiff and all class members;

d.  Failure to comply with industry standards;

e.  Failing to reasonably construe the law applicable to Plaintiff's claim(s) and policy, and the claim(s) and policy of all class members;

f.  Attempting to shift the burden of investigation onto Plaintiff's counsel;

g.  Unreasonably handling Plaintiff's claim and the claims of all class members causing them to institute unnecessary litigation;

h.  Failing to pay Plaintiff and all class members the insurance benefits that they were entitled to under the policy at the time when Defendant knew that the Plaintiff and all class members were entitled to those benefits;

i.  Unreasonably delaying payment of benefits without a reasonable basis;

j.  Refusing to pay Plaintiff's claim, and the claims of all class members, for reasons contrary to the express provisions of the law;

k.  Intentionally and recklessly misapplying the provisions of the insurance policy;

l.  Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and all class members and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

m.  Failing to properly investigate the Plaintiff's claim and the claims of all class members for benefits;

n.  Failing to properly evaluate the investigation that was done on Plaintiff's claim and the claims of all class members for benefits;

o.  Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff and all class members;

p.  Failing to attempt to act in good faith to effectuate a prompt, fair settlement for Plaintiff's claim and the claims of all class members;

35. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff and all class members have suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship, all of which are in excess of five million dollars ($5,000,000.00).

36. Plaintiff and all class members have retained an attorney to prosecute this action and are thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

37. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff and all class members. As a result, the Plaintiff and all class members are entitled to recover punitive damages against the Defendant for these actions.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant the relief sought including, but not limited to, actual damages with interest accruing from date of filing of suit, punitive damages, reasonable attorneys fees, and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN, PLLC**


/s/Donald E. Smolen, II
Donald E. Smolen, II (OBA# 19944)
Laura M. Lauth (OBA# 22619)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the date file stamped hereon, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  Dan S. Folluo and Randall E. Long.

/s/Donald E. Smolen, II